MEMORANDUM **
Diane Callans appeals from the district court’s order dismissing her action brought under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Orsay v. U.S. Dep’t of Justice, 289 F.3d 1125,1128 (9th Cir.2002), and affirm.
The district court properly determined that it lacked subject matter jurisdiction over Callans’s employment claims because she was a “preference eligible” employee of the Postal Service, and could therefore seek redress through the Civil Service Reform Act of 1978 (“CSRA”). See 5 U.S.C. § 7511(a)(l)(B)(ii); 5 U.S.C. § 2108(3); U.S. Postal Service v. Gregory, 534 U.S. 1, 4-5, 122 S.Ct. 431, 151 L.Ed.2d 323 (2001) (“Because [Gregory] previously served in the Army, she falls into the category of ‘preference eligible’ Postal Service employees covered by [the CSRA].”); Orsay, 289 F.3d at 1128 (“If the conduct that Appellants challenge in this action falls within the scope of the CSRA’s ‘prohibited personnel practices,’ then the CSRA’s administrative procedures are Appellants’ only remedy.”); Saul v. United States, 928 F.2d 829, 840 (9th Cir.1991) (“[T]he CSRA is a special factor counseling against recognition of a Bivens remedy for [federal employees].”).
Callans’s remaining contentions are unavailing.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.